# IN UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No.: _____

James Garver,

    Plaintiff/Movant,

Chase Receivables; and DOES 1-10, inclusive,

    Defendants.

## COMPLAINT

For this Complaint, the Plaintiff, James Garver, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendant's repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), and repeated violations of the Colorado Fair Debt Collection Practices Act, Colo. Rev. Stat. § 12-14-101, *et seq.* ("CFDCPA") by the Defendant and its agents in their illegal efforts to collect a consumer debt.

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

4. Plaintiff, James Garver ("Plaintiff"), is an adult individual residing in Aurora,

Colorado, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5. Defendant Chase Receivables ("Chase"), is a California business entity with an address of 1247 Broadway, Sonoma, CA. 95476, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6. Does 1-10 (the "Collectors") are individual collectors employed by Chase and whose identities are currently unknown to the Plaintiff. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7. Chase at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. The Debt

8. The Plaintiff incurred a financial obligation in the approximate amount of $220 (the "Debt") to Verizon Wireless (the "Creditor").

9. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10. The Debt was purchased, assigned or transferred to Chase for collection, or Chase was employed by the Creditor to collect the Debt.

11. The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B. Chase Engages in Harassment and Abusive Tactics

### FACTS

12. Defendants made daily telephone calls to Plaintiff's residential telephone in an attempt to collect the debt.

13. Defendants made telephone calls to Plaintiff on a Sunday in an attempt to collect the Debt.

14. Defendants left a message on Plaintiff's home answering machine discussing the debt in detail.

15. Defendants failed to include a mini-Miranda warning when speaking with Plaintiff.

16. Defendants failed to send Plaintiff a "30-Day Validation Notice."

### C. Plaintiff Suffered Actual Damages

17. The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

18. As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

19. The Defendants' conduct was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

### COUNT I
### VIOLATIONS OF THE FEDERAL FAIR DEBTCOLLECTION PRACTICES ACT - 15 U.S.C. § 1692, *et seq.*

20. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

21. The Defendants' conduct violated 15 U.S.C. § 1692b(2) in that Defendants informed third parties of the nature of Plaintiff's debt and stated that the Plaintiff owed a debt.

22.     The Defendants' conduct violated 15 U.S.C. § 1692c(a)(1) in that Defendants contacted the Plaintiff at a place and during a time known to be inconvenient for the Plaintiff.

23.     The Defendants' conduct violated 15 U.S.C. § 1692d(5)  in that Defendants caused a phone to ring repeatedly and engaged the Plaintiff in telephone conversations, with the intent to annoy and harass.

24.     The Defendants' conduct violated 15 U.S.C. § 1692e(11) in that Defendants failed to inform the consumer that the communication was an attempt to collect a debt.

25.     The Defendants' conduct violated 15 U.S.C. § 1692g(a)(1) in that Defendants failed to send the Plaintiff a validation notice stating the amount of the debt.

26.     The Defendants' conduct violated 15 U.S.C. § 1692g(a)(2) in that Defendants failed to send the Plaintiff a validation notice stating the name of the original creditor to whom the debt was owed.

27.     The Defendants' conduct violated 15 U.S.C. § 1692g(a)(3) in that Defendants failed to send the Plaintiff a validation notice stating the Plaintiff's right to dispute the debt within thirty days.

28.     The Defendants' conduct violated 15 U.S.C. § 1692g(a)(4) in that Defendants failed to send the Plaintiff a validation notice informing the Plaintiff of a right to have verification and judgment mailed to the Plaintiff.

29.     The Defendants' conduct violated 15 U.S.C. § 1692g(a)(5) in that Defendants failed to send the Plaintiff a validation notice containing the name and address of the original creditor.

30.     The foregoing acts and omissions of the Defendant constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

31. The Plaintiff is entitled to damages as a result of Defendant's violations.

## COUNT II
## VIOLATIONS OF THE COLORADO FAIR DEBTCOLLECTION PRACTICES ACT
### Colo. Rev. Stat. § 12-14-101, et seq.

32. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

33. The Plaintiff is a "consumer" as defined by Colo. Rev. Stat. § 12-14-103(4).

34. The Defendants are a "collection agency" and "debt collectors" as defined by Colo. Rev. Stat. § 12-14-103(2) and (7).

35. The Defendants communicated with the Plaintiff in connection with the collection of a debt at an unusual time, place, or manner which they knew or should have known to be inconvenient to the Plaintiff, in violation of Colo. Rev. Stat. § 12-14-105(1)(a).

36. The Defendants used false, deceptive, or misleading representations or means in connection with the collection of a debt, in violation of Colo. Rev. Stat. § 12-14-107(1).

37. The Defendants failed to disclose in communications to the Plaintiff that the communications were from the Defendants, and that the Defendants were attempting to collect a debt and any information obtained would be used for that purpose, in violation of Colo. Rev. Stat. § 12-14-107(1)(l).

38. The Defendants failed to send the Plaintiff a written notice within five days after the initial communication with the Plaintiff stating the amount of the debt, in violation of Colo. Rev. Stat. § 12-14-109(1)(a).

39. The Defendants failed to send the Plaintiff a written notice within five days after the initial communication with the Plaintiff stating the name of the creditor to whom the debt was owed, in violation of Colo. Rev. Stat. § 12-14-109(1)(b).

40.     The Defendants failed to send the Plaintiff a written notice within five days after the initial communication with the Plaintiff stating that unless the Plaintiff, within thirty days after receipt of the notice, disputed the validity of the debt, or any portion thereof, the debt would be assumed to be valid by the Defendants, in violation of Colo. Rev. Stat. § 12-14-109(1)(c).

41.     The Defendants failed to send the Plaintiff a written notice within five days after the initial communication with the Plaintiff stating that if the Plaintiff notified the Defendants in writing within the thirty-day period that the debt, or any portion thereof, was disputed, the Defendants would obtain verification of the debt or a copy of a judgment against the Plaintiff and a copy of such verification or judgment would be mailed to the Plaintiff by the Defendants, in violation of Colo. Rev. Stat. § 12-14-109(1)(d).

42.     The Defendants failed to send the Plaintiff a written notice within five days after the initial communication with the Plaintiff stating that upon the Plaintiff's written request within the thirty-day period, the Defendants would provide the Plaintiff with the name and address of the original creditor, if different from the current creditor, in violation of Colo. Rev. Stat. § 12-14-109(1)(e).

43.     The foregoing acts and omissions of the Defendant constitute numerous and multiple violations of the CFDCPA, including every one of the above-cited provisions.

44.     The Plaintiff is entitled to damages as a result of Defendant's violations.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully prays that judgment be awarded in his favor and against the Defendants as follows:

1. Against the named Defendants, jointly and severally, awarding Plaintiff actual damages pursuant to 15 U.S.C. § 1692k(a)(1) or Colo. Rev. Stat. § 12-14-

6

     113(1)(a);

2. Against each of the named Defendants, awarding Plaintiff statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) or Colo. Rev. Stat. § 12-14-113(1)(b);

3. Against the named Defendants, jointly and severally, awarding Plaintiffs recovery of his litigation costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) and Colo. Rev. Stat. § 12-14-113(1)(c);

4. Statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B) & (C);

5. Granting Plaintiff such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: October 29, 2010

Respectfully submitted,

               By   /s/ Dianne Zarlengo_____

               Dianne Zarlengo, Esq.
               Bar Number: 31385
               2800 So. University Blvd., Ste. 66
               Denver, Colorado 80210
               (303) 748-3513
               dzlegal@gmail.com
               Attorneys for Plaintiff

               Of Counsel To:

               LEMBERG & ASSOCIATES L.L.C.
               1100 Summer Street, 3rd Floor
               Stamford, CT 06905
               Telephone: (203) 653-2250
               Facsimile: (877) 795-3666

<u>Plaintiff:</u>
James Garver
James Garver
2738 S Lewiston Street
Aurora, CO 80013